IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALBERT EDMOND                                                                                           PLAINTIFF

CIVIL ACTION NO. 5:04cv107-JCS

DOLAN WALLER, ET AL.                                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. § 1915A and 42 U.S.C. 1997e of the Prison Litigation Reform Act ("PLRA"). The Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the Defendants Spann and Epps in this suit founded upon 42 U.S.C. § 1983. The Plaintiff and Defendants Spann and Epps have consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Plaintiff, who is not proceeding *in forma pauperis*, has failed to accomplish service of process on the remaining Defendants. Plaintiff has filed a pending Motion to Compel (docket entry number 35) the production of addresses for the remaining unserved Defendants. For the reasons to follow, the Court finds that this action should be dismissed. Accordingly, the Motion to Compel (docket entry number 35) is denied as moot. Furthermore, the Court denies the Plaintiff's Motion for Reconsideration (docket entry number 31) in which he asks the Court to reconsider its dismissal of Defendants Spann and Epps.

---

[1]See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

I.  Plaintiff's Claims

Plaintiff has set forth several claims for violations of his constitutional rights during his period of incarceration at the Wilkinson County Correctional Facility ("WCCF").  His claims, as set forth in his complaint and four amended complaints, essentially allege that officials at WCCF failed to protect him from assault by his cell mate, denied him adequate medical attention after the assault, denied him a transfer to another facility, and subjected him to threats and harassment by officers at the facility.  In his original complaint at docket entry number 1, he alleges that officers at WCCF failed to protect him from assault by his cell mate Reginald Adams on December 20, 2003.  He alleges that Adams assaulted him with a closed fist and an unidentified small object, striking him on his head and body.  He alleges that he sustained bruises and a small cut on his right wrist.  He alleges that the officers were slow to respond to his calls for help, then they sprayed the inmates with gas.  He admits that he was immediately examined by a nurse and was thereafter taken to segregation, but he alleges that he did not subsequently receive adequate medical care.  At the omnibus hearing, he admitted that he has no permanent injuries as a result of this incident. In his original complaint, he also alleges that he was wrongfully denied a transfer to another facility which could treat his mental illness of "exhibitionism."

In his amended complaint (docket entry number 3), he complains that officers subjected him to harassment and threats in November 2003 when they threatened to beat him for his actions of masturbating in front of female guards.  He alleges that the Warden, Dolan Waller, failed to and refused to stop the harassments and threats.

In his amended complaint (docket entry number 6), he makes more broadly worded claims of harassment, threats, assault and denial of medical attention.  He supports these

complaints with no specific facts, and he references another incident of masturbation in front of female guards on December 28, 2003. He alleges that a guard verbally threatened him and pushed him onto his bed after the incident, for which he received an RVR. He alleges no physical injury as a result of this incident.

In his amended complaint (docket entry number 7) he attempted to state claims against the State Defendants Glenn Spann and Christopher Epps. Spann and Epps are M.D.O.C. officials who were involved in the review of the Plaintiff's Administrative Remedy claims forming the basis of this suit. The Court has previously granted the Motions to Dismiss filed by these Defendants.

Finally, in his amended complaint (docket entry number 8), plaintiff alleges claims against Jason Ellis and A. Rodriqus [sic] for denial of psychiatric care. He alleges that they refused to provide him with any psychiatric care and refused to transfer him to a facility where he could receive treatment for his "serious mental illness of exhibitionism." Amended Supplemental Complaint at paragraph 3 (docket entry number 8).

The Court will address the Plaintiff's claims, in turn.

## II. Discussion

The Plaintiff has failed to serve the WCCF defendants in this matter. Nevertheless, the Court has examined the Plaintiff's claims and finds that they should be dismissed for reasons detailed in the following discussion. Turning to his original complaint, it appears that he suffered only *di minimis* injuries as a result of the attack by his cell mate. By his own admission at the omnibus hearing, he suffered no permanent injuries as a result of the attack, and his pleadings and his testimony state that his injuries were limited to bruises to his head and body, as well as a small cut to his hand. See Luong v. Hatt, 979 F.Supp. 481 (N.D. Tex. 1997)(Cuts,

bruises, abrasions, etc., lasting only two or three days do not rise to the level of a constitutional injury.); see also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(A sore, bruised ear lasting three days is *de minimis*.).   He also complains of the adequacy of the medical treatment he received after the incident.  He admitted, and his pleadings reflect, that immediately after the incident he was examined by nurses.  He was seen by nurses on other occasions within days of the incident, and then he was treated by a doctor in the facility's medical clinic on January 16, 2004.  Although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992).  In other words, although his treatment may not have been the best that money can buy, this course of treatment did not demonstrate deliberate indifference to his medical needs.  Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Further,  his disagreement with a nurse's diagnosis, rather than a doctor's, cannot rise to the level of a constitutional claim.  See  Wesson v. Oglesby, 910 F.2d 278, 283 (5th Cir. 1990). Accordingly, his claims for inadequate medical treatment fail to rise to the level of a constitutional violation.  Finally, his claim for failure to transfer him to another facility is moot as he has now been transferred to the Mississippi State Penitentiary at Parchman.

      The Court now addresses his claims as found in his amended complaint at docket entry number 3.  In these claims, he only alleges verbal threats and harassment by officers as a result of his "exhibitionism" in front of female guards in November 2003.  "It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(citing Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Likewise, the Warden Waller's failure to stop verbal harassment does not rise to the level of a cause of action under § 1983.  Accordingly, these claims fail to rise to the level of a

constitutional violation and are hereby dismissed.

Similarly, his claims as found in his complaint at docket entry number 6 fail to rise to the level of a constitutional violation. In his part of his complaint, he alleges that he suffered further harassment and threats by prison guards as a result of an incident on December 28, 2003, in which he received an RVR for masturbating in front of a female guard. Once again, his allegations regarding verbal threats and harassment by guards fail to rise to the level of a constitutional violation and are dismissed. Furthermore, although he alleges that the guard handcuffed him and pushed him onto his bed during the confrontation, he alleges no physical injuries as a result of the incident. Accordingly, any claim for excessive force related to this incident fails.

Finally, the Court addresses the plaintiff's claims in his amended complaint (docket entry number 8) against Jason Ellis, described by Plaintiff as the "Deputy of Security and Medical," A. Rodriqus [sic], WCCF's contract psychiatrist, and Dolan Waller, Warden, for their alleged failure to provide him with adequate psychiatric care for his "serious mental illness of exhibitionism." He alleges that he has suffered mental anguish, harassment, threats and assaults as a result of their failure to transfer him and provide adequate psychiatric care to him. Any claim for failure to transfer him is denied as moot as he is no longer housed at WCCF. His claims for mental anguish are denied as he has failed to show a physical injury as a result of an alleged lack of psychiatric care. "No federal civil action may be brought by a prisoner. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). Furthermore, although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). Finally, as stated

previously, his allegations of verbal threats and harassment fail to rise to the level of a constitutional violation. Accordingly, these claims are hereby dismissed.

### III. Conclusion

For the reasons discussed above, the Court finds that the Plaintiff's claims fail to rise to the level of a constitutional violation. Furthermore, the complaint is hereby dismissed with prejudice. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the  16th   day of  October        , 2006.

                                                  s/ James C. Sumner
                                            UNITED STATES MAGISTRATE JUDGE